UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND,
THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT
CORPORATION, and the NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS,

17-cv-5693 (JGK)

MEMORANDUM OPINION AND
ORDER

Petitioners,

- against -

STOP & WORK CONSTRUCTION, INC.,

Respondent.

---

JOHN G. KOELTL, District Judge:

The petitioners seek to confirm an arbitration award pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. The petitioners are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. (the "ERISA Funds"); the trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3) (the "Charity Fund"); a New York not-for-profit corporation; and a labor union (the "Union"), which is the certified bargaining representative for

1

certain employees of the respondent. The respondent, Stop & Work Construction, Inc., is a New York business corporation.

The underlying dispute arose out of the petitioners' effort to collect contributions owed to the petitioners by the respondent under an Independent Building Construction Agreement (the "Agreement").

I.

On or about March 14, 2014, the respondent executed the Agreement. On or about June 5, 2015, the respondent executed an Extension & Compliance Agreement (the "Agreement Extension"), extending the terms of the Agreement. The Agreement requires the respondent to remit contributions to the ERISA Funds for work done by the respondent's employees within the trade and geographical jurisdiction of the Agreement. Pursuant to the Agreement, the parties agreed to submit any dispute concerning the Agreement to arbitration before an impartial arbitrator.

After auditing the respondent's books and records, the petitioners determined that the respondent had not remitted all contributions owed to the petitioners under the Agreement, and the petitioners initiated an arbitration pursuant to the procedures set forth in the Agreement.

The arbitrator, Roger E. Maher, held a hearing on June 8, 2017, where the petitioners were represented by counsel and the respondent's principal, Johnston Joseph, appeared on behalf of the respondent. On June 10, 2017, Arbitrator Maher issued a written

2

Opinion and Award, finding that the respondent had violated the Agreement. The arbitrator awarded the petitioners a total of $54,129.81, consisting of principal contributions of $35,765.62; interest of $5,368.05; liquidated damages of $7,153.12; pre-award interest of $5,368.05; promotional funds of $70.70; court costs of $400; attorney's fees of $1,500; arbitrator's fee of $500; and audit costs of $3,251.25; plus interest from the date of the award at the annual rate of 5.75%. The respondents have not paid any portion of the award.

The petitioners seek (i) confirmation of the arbitration award; (ii) judgment in favor of the petitioners against the respondent for $54,129.81; and (iii) judgment in favor of the petitioners for $795 in attorney's fees and $75 in costs incurred during this action, the entire amount of judgment accruing post-judgment interest at the rate provided under 28 U.S.C. § 1961(a).

## II.

A district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the

3

collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 596). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. United States Steel and Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985); see also Bevona v. EBM Dev. Co., No. 98-cv-6207 (JGK), 1999 WL 494116, at *2 (S.D.N.Y. July 13, 1999).

Despite being served with the petitioners' petition, the respondent has not responded. After the respondent's original time to oppose the petition had lapsed, the Court extended the respondent's time to respond until November 3, 2017. Dkt. No. 11. The Court stated that if the respondent did not respond by that date, that the Court would decide the petition based on the papers that had been submitted by the petitioner. Id. The responded did not respond.

However, the Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

4

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In this action, Arbitrator Maher's award was not "his own brand of industrial justice." Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). Rather, Arbitrator Maher found that the uncontroverted testimony established that the respondent was bound by the Agreement, and that the evidence showed that the respondent had violated the Agreement and owed the petitioner $54,129.81 plus post-award interest at a rate of 5.75%. Pet., Ex. E. Arbitrator Maher found the respondent's claim, "made without any credible evidence, that he 'Doesn't know how his Company owes all this delinquent fringe benefits, given he had only three small jobs' to be incredulous and unpersuasive." Id. The record and arbitration award show that the respondent withheld contributions from the ERISA Funds in violation of the Agreement.

5

Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the petitioners' petition should be confirmed.

The petitioners also seek judgment to recover attorney's fees expended in this action. Courts in this district have observed that "courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting Abondolo v. H. & M. S. Meat Corp., No. 07-cv-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)) (internal quotation marks omitted). The attorney's fees sought by the petitioners are supported by the Agreement and are reasonable. Article XV, Section 6 of the Agreement provides, in relevant part, that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction . . . to collect delinquent contributions . . . and if the court renders a judgment in favor [of the ERISA Funds], the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action . . .

Pet., Ex. A, Art. XV, Section 6(a). In support of the petitioners' claim for attorney's fees, the petitioners' counsel submitted an invoice listing the tasks completed, the attorneys' hourly billing rates, and the total hours billed. Pet., Ex. G. The petitioners seek $795 in attorney's fees for 3.4 hours of

6

work, for which petitioners' counsel billed the services of an "Of Counsel" attorney at a rate of $300 per hour and the services of an associate attorney at a rate of $225 per hour. Id., Ex. G. The rates billed and time expended on this action by the petitioners' counsel are reasonable. See Trustees of New York Dist. Council of Carpenters Pension Fund v. Metro. Fine Mill Work Corp., No. 14-cv-2509 (PAE), 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving attorney's fees that billed associates at a rate of $225 per hour and paralegals at a rate of $100 per hour).

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The Clerk of Court is directed to enter judgment granting the petition to confirm the arbitration award dated June 10, 2017 in the amount of $54,129.81, plus interest from the date of the arbitration award, accrued at an annual rate of 5.75% until the date of judgment. The Clerk is also directed to enter judgment in favor of the petitioners and against the respondent in the amount of $795 in attorney's fees and $75 in costs. Post-judgment interest on the entire amount of the judgment will accrue from the date of this judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk is further directed to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**January 4, 2018**

_____
John G. Koeltl
United States District Judge